# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL C. MPOCK,<br><br>  Plaintiff,<br><br>  v.<br><br>FCA US, LLC, et al.,<br><br>  Defendants. | Case No. 1:21-cv-00330-JLT-SAB<br><br>ORDER GRANTING STIPULATION REGARDING PLAINTIFF'S FEES, COSTS AND EXPENSES; DENYING REQUEST TO RETAIN JURISDICTION WITHOUT PREJUDICE<br><br>(ECF No. 43) |

On April 7, 2023, the parties filed a notice of acceptance with offer of judgment pursuant to Federal Rule of Civil Procedure 68. (ECF No. 42.) In the offer of judgment, which was accepted, the parties agreed that Plaintiff will surrender the at-issue 2017 Chrysler Pacifica, subject to the terms detailed in the parties' attached offer of judgment, and Defendant FCA US, LLC will pay $90,000.00, and may pay an award of attorneys' fees, costs and expenses, and will waive its own costs in this action. (See ECF No. 42-1.) The offer of judgment was accepted and executed on April 25, 2022 and May 9, 2022, by the parties. (Id. at 4.)

On April 7, 2023, the parties filed a joint stipulation regarding Plaintiff's fees, costs, and expenses, and request for entry of order. (ECF No. 43.) The parties seek entry of an order as to their stipulation that FCA will pay $61,500.00 to resolve reasonably incurred Plaintiff's attorneys' fees, costs, and expenses in this matter within 60 days of entry of this order. (Id. at 1.) Further, the parties request the Court continue jurisdiction over this matter until funding for Plaintiff's attorneys' fees, costs, and expenses is satisfied. (Id. at 2.) For the reasons set forth herein, the

parties' stipulated request for the Court to retain jurisdiction shall be denied without prejudice.[1]

The Court finds the request to retain jurisdiction is properly denied on the merits due to several facial deficiencies.  For example, the parties provide no legal authority in support of their request.  Furthermore, the parties request the Court retain jurisdiction to enforce the terms of their settlement, but do not explain why.  Indeed, the parties' filing contains only the single sentence requesting the Court retain jurisdiction.  Since it is rare for the Court to retain jurisdiction, it is unclear why the Court would retain jurisdiction over the settlement contract and any breach of that contract when the settlement was not reached at a settlement conference that the Court conducted.  The Court further notes that the parties have not consented to the jurisdiction of a United States Magistrate Judge, so this case is assigned to a United States District Judge.  This Court is one of the busiest courts in the country and the Court sees no need to tie up two judges with retention of jurisdiction without good cause.  Finally, the parties do not indicate a time period for which they seek the Court to retain jurisdiction, but instead indicate the Court should retain jurisdiction "until funding is satisfied as outlined in the Parties' Joint Stipulation," (see ECF No. 43-1 at 1), and they provide no other information justifying such a period of time for retaining jurisdiction as reasonable or appropriate.  Without more, the Court shall deny the parties' request.  However, the denial shall be without prejudice to the parties submitting a properly-noticed motion or stipulated motion consistent with this order.  The Court shall, however, grant the parties' stipulated request regarding attorneys' fees.

Accordingly, IT IS HEREBY ORDERED that:

1. The Court ENTERS an order awarding Plaintiff $61,500.00 for reasonably incurred attorneys' fees, costs, and expenses pursuant to the parties' stipulation (ECF No. 43) **within 60 days of entry of this order**; and

2. The parties' stipulated request that the Court retain jurisdiction to enforce the settlement agreement (ECF No. 43) is DENIED without prejudice; and

3. If the parties wish to file a renewed stipulated motion for the Court to retain

---

[1] In addition, the Court notes the Clerk of the Court entered Judgment pursuant to the parties' acceptance of offer of judgment on April 10, 2023.  (ECF No. 44.)

jurisdiction over their agreement, they must do so **no later than March 24, 2023**.

IT IS SO ORDERED.

Dated:   **April 10, 2023**

UNITED STATES MAGISTRATE JUDGE